■　In the Matter of the Claim of THOMAS NETH, Respondent, v. CURTIS BURNS, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision of the Workmen's Compensation Board on the ground that subsequent to September 23, 1968 claimant was not entitled to the $85 per week rate for temporary total disability but rather to $70 per week for permanent total disability (Workmen's Compensation Law, § 15, subd. 6). There is no dispute that claimant, a fork-lift operator, who is now blind and will not be able to work again, is entitled to compensation. The only dispute is rate of payment required to be made to him. While an award of temporary total disability might be proper where a claimant's medical condition remains " unsettled " in the sense of whether it is temporary or permanent (*Matter of Clifford* v. *Larkin Rest.,* 31 A D 2d 866), there is no evidence in the instant record that such is the case here. Rather all the evidence indicates that claimant's condition is clearly permanent. Whereas here the condition is clearly permanent we cannot construe subdivision 6 of section 15 as permitting an award for temporary disability until his over-all physical condition has stabilized. The continuing physical and emotional difficulties did not affect the fact that his condition was permanent and permit the board to find it temporary after September 23, 1968. Accordingly, the decision must be reversed and the matter remanded to the board for further proceedings not inconsistent herewith. Decision reversed, and matter remanded for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Sweeney and Simons, JJ., concur.